# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-00957-DMG-JC | Date | January 30, 2020 |
|---|---|---|---|
| Title | Hung Si Vuong v. J. Gastelo | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Petitioner: | Attorney Present for Respondent: |
|---|---|
| None | None |

**Proceedings:** (IN CHAMBERS)

### ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED BASED UPON PETITIONER'S FAILURE TO COMPLY WITH COURT ORDER AND TO FILE STATUS REPORT

On February 8, 2019, petitioner Hung Si Vuong, who is in custody and is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"), a supporting memorandum ("Petition Memo"), and a Motion to Stay and Abey until Exhaustion is Complete ("Motion to Stay") with an attached copy of a state petition for writ of habeas corpus ("State Petition"). The Petition challenges a judgment in Los Angeles County Superior Court ("LASC") Case No. KA110002 ("State Case") on five grounds, only the first of which has been exhausted. (Petition at 2, 5-7). Petitioner alleges: (1) the trial court violated petitioner's right to a fair trial by denying petitioner's request to continue petitioner's trial so that petitioner could retain new counsel (Ground One); (2) petitioner did not receive notice of the remittitur issued on appeal in the State Case so that he could challenge his appellate counsel's failure to raise claims on direct appeal (Ground Two); (3) there was insufficient evidence of specific intent to support petitioner's conviction (Ground Three); (4) the trial court erred by failing *sua sponte* to give a lesser included offense instruction for trespassing (Ground Four); and (5) petitioner's trial and appellate counsel were ineffective (Ground Five). (Petition at 5-7; Petition Memo at 6-7; State Petition at 3-4b).

On August 30, 2019, the District Judge granted the Motion to Stay to exhaust Grounds Two through Five of the Petition ("August Order"). The August Order further directed petitioner, beginning thirty (30) days from the date of such order and every sixty (60) days thereafter, to file a status report detailing the status of the state court proceedings in issue. The Order further notified petitioner that even if he had no new information regarding the status of his efforts to exhaust his state remedies in a given period because a matter remained pending in state court, petitioner was nonetheless required to serve and file a status report advising the Court of that fact. The Order also expressly cautioned petitioner that the failure to meet any of the time requirements contained therein would result in an order vacating the stay, *nunc pro tunc*, might preclude consideration of the unexhausted claims, and might result in the dismissal of this action for lack of prosecution.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-00957-DMG-JC | Date | January 30, 2020 |
|---|---|---|---|
| Title | Hung Si Vuong v. J. Gastelo | | |

On September 30, 2019, petitioner timely filed his initial status report in which he indicated that he had filed the State Petition by providing it to prison authorities for mailing to the California Supreme Court on September 26, 2019.

Pursuant to the August Order, petitioner's second status report was due by November 29, 2019. To date, petitioner has failed to file the requisite second status report. which was due more than two months ago. Petitioner has likewise failed to seek an extension of time to file such status report. Nor has petitioner requested or been excused from the obligation timely to file such report.

IT IS THEREFORE ORDERED: By no later than **February 14, 2020**, petitioner shall show cause, if there be any (1) for his failure timely to file the required second status report; and (2) why this action should not be dismissed based on petitioner's failure to file the required second status report, failure to comply with the District Judge's August Order, and/or failure to prosecute. **Petitioner is cautioned that the failure timely to comply with this Order to Show Cause may result in the dismissal of this action based upon petitioner's failure to comply with Court's orders and/or petitioner's failure to prosecute this action, or may result in an order vacating the stay,** *nunc pro tunc*, **which may preclude consideration of the unexhausted claims (Grounds Two through Five).**

IT IS SO ORDERED.